**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES W. FLETCHER,

    Petitioner,                                Civil No. 5:08-12220
                                                          HONORABLE JOHN CORBETT O'MEARA
v.                                                 UNITED STATES DISTRICT JUDGE

JERI-ANN SHERRY,

    Respondent,
_____/

**OPINION AND ORDER GRANTING THE MOTION TO AMEND THE PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE MOTION FOR THE APPOINTMENT OF COUNSEL**

Before the Court is habeas petitioner James W. Fletcher's motions to amend the petition for writ of habeas corpus and for the appointment of counsel.

The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *See Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999); *citing to* Fed.R.Civ.P. Rule 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *See Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998). A motion to amend a habeas petition may be denied when it has been unduly delayed and when allowing the motion would prejudice the nonmovant. *See Smith v. Angelone*, 111 F. 3d 1126, 1134 (4th Cir. 1997)(internal citations omitted). However, delay by itself is not sufficient to deny a motion to amend. *See Coe*, 161 F. 3d at 342.

1

Petitioner's proposed amended habeas petition alleges additional support for the claims that he raised in his original petition, was not the subject of undue delay, and would not unduly prejudice respondent. Accordingly, the motion to amend should be granted. *See Riley v. Taylor*, 62 F. 3d 86, 92 (3rd Cir. 1995). There is no indication that allowing the amendment would cause any delay to this Court nor is there any evidence of bad faith on petitioner's part in filing the amended petition or prejudice to respondent if the amended habeas petition is filed. *See Gillette v. Tansy*, 17 F. 3d 308, 313 (10th Cir. 1994). Additionally, because petitioner has filed his amended petition before the Court has adjudicated the issues in his petition, the Court will permit him to file an amended petition for writ of habeas corpus. *See Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D. Va. 1999). Accordingly, the Court will permit petitioner to amend his petition.

The Court will, however, deny the motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of

counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

In the present case, petitioner has filed a petition for writ of habeas corpus, in which he raises four claims for relief. Petitioner has also submitted a thirteen page brief in support of his petition for writ of habeas corpus, in which he cites to numerous federal and state cases and constitutional provisions. Petitioner has also attached the state appellate court brief that was filed on his behalf by counsel as part of his direct appeal. This Court is willing to incorporate the issues and arguments raised in the state appellate court briefs that petitioner has attached to his petition as being part of petitioner's application for writ of habeas corpus. *See e.g. Burns v. Lafler,* 328 F. Supp. 2d 711, 717, n. 2 (E.D. Mich. 2004). Petitioner therefore has the means and ability to present his claims to the court. Furthermore, until the Court reviews the pleadings and the Rule 5 materials filed in this case, the Court is unable to determine whether an evidentiary hearing is necessary or required. Thus, the interests of justice at this point in time do not

require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

**IT HIS HEREBY ORDERED** that the Motion for Leave to Amend the Petition for Writ of Habeas Corpus [Court Dkt. # 6] is **GRANTED.**

IT IS FURTHER ORDERED that the motion for appointment of counsel [Court Dkt. # 7] is **DENIED** without prejudice. The Court will reconsider the motion if, following review of the responsive pleadings and Rule 5 materials, the court determines that appointment of counsel is necessary.

s/John Corbett O'Meara<br>United States District Judge

Date: January 23, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 23, 2009, by electronic and/or ordinary mail.

sWilliam Barkholz<br>Case Manager