**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES W. FLETCHER,

Petitioner,

v.

JERI-ANN SHERRY,

Respondent.
_______________________________/

CASE NO. 5:08-CV-12220
HONORABLE JOHN CORBETT O'MEARA
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

James W. Fletcher, ("Petitioner"), presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for armed robbery, M.C.L.A. 750.529; carjacking, M.C.L.A. 750.529a; and felony-firearm, M.C.L.A. 750.227b. For the reasons stated below, the application for writ of habeas corpus is **DENIED.**

## I. Background

Petitioner was convicted of the above offenses following a bench trial in the Wayne County Circuit Court.

The victim testified that petitioner robbed her at gunpoint at a gas station in Detroit, Michigan. The victim testified that as she was getting into her car, petitioner pointed a gun at her face, pushed her over into the passenger's seat, started the car, and

drove away. Petitioner demanded money from the victim. Petitioner went through the victim's purse and discovered her ATM card. Petitioner drove the victim to a bank and forced her at gunpoint to withdraw $ 400.00 from her bank account with her ATM card. Petitioner also took the victim's $ 1,000.00 bank deposit from work, her cell phone, and her identification. The victim later identified petitioner at a photographic line-up.

Petitioner was ultimately arrested. Petitioner was advised of his *Miranda* rights and agreed to make a statement to the police, in which he denied any involvement with the armed robbery or with the victim.

Petitioner testified in his own defense at trial. Petitioner claimed that he knew the victim from the neighborhood, because she had purchased marijuana from a friend in the past. Petitioner testified that the victim asked him to assist her in purchasing marijuana on the night in question. Petitioner claimed that he rode with the victim to an ATM machine to obtain money for the marijuana. Petitioner claimed that the victim was unable to purchase marijuana that night, because he was unable to locate the marijuana dealer. Petitioner denied committing any robbery or carjacking.

Petitioner was found guilty of the above offenses. Petitioner's conviction was affirmed on appeal. *People v. Fletcher*, No. 266827 (Mich.Ct.App. March 20, 2007); *lv. Den.* 480 Mich. 949 (2007). Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. Petitioner's conviction for carjacking should be reversed because there was insufficient evidence to find for that conviction.

II. Petitioner's conviction for armed robbery should be reversed because

there was insufficient evidence to find for that conviction.

III. Petitioner should have been granted a new trial or mistrial because the irregularity in the trial resulted in prejudice sufficient to deprive the petitioner of a fair and impartial trial.

IV. The prosecution's key witness' testimony should have been impeached and suppressed because her inconsistent statements raised serious credibility issues.

## II. Standard of Review

28 U.S.C. §2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its

independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

**III. Discussion**

**A. Claims # 1, # 2, and # 4. The sufficiency of evidence claims.**

The Court will discuss petitioner's sufficiency of evidence claims together because they are interrelated. Petitioner contends that there was insufficient evidence to convict him of carjacking, armed robbery, and felony-firearm.

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Because a claim of insufficiency of the evidence presents a mixed question of law and fact, this Court must determine whether the state court's application of the *Jackson* standard was reasonable. *Dell v. Straub*, 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002). Section 2254(d) "mandates that federal courts give deferential review to state court decisions on sufficiency of evidence claims." *David v. Lavinge*, 190 F. Supp. 2d 974, 985 (E.D. Mich. 2002)(internal citations omitted). The scope of review in a federal habeas proceeding to the sufficiency of evidence in a state criminal prosecution "is extremely limited and a habeas court must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state and defer to that resolution." *Terry v. Bock,* 208 F. Supp. 2d

780, 794 (E.D. Mich. 2002). Finally, the *Jackson* standard applies to bench trials, as well as to jury trials. *See Gilley v. Collins*, 968 F. 2d 465, 467 (5th Cir. 1992); *See also Gross v. Romanowski*, 2006 WL 3690923, *4 (E.D. Mich. December 12, 2006).

The elements of armed robbery under Michigan law are: (1) an assault, and (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a weapon described in the statute. *See Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004).

The elements of carjacking are: (1) the defendant took a motor vehicle from another person; (2) the defendant did so in the presence of that person, a passenger, or any other person in lawful possession of the motor vehicle; and (3) the defendant did so either by force or violence, by threat of force or violence, or by putting the other person in fear. *People v. Davenport*, 230 Mich. App. 577, 579; 583 N. W. 2d 919 (1998).

Under Michigan law, the elements of felony-firearm are that the defendant possessed a firearm during the commission of, or an attempt to commit, a felony offense. *See Payne v. Smith*, 207 F. Supp. 2d 627, 642 (E.D. Mich. 2002).

In the present case, there was sufficient evidence for a rational trier of fact to conclude that petitioner was guilty of armed robbery, carjacking, and felony-firearm. The victim testified that petitioner pointed a gun at her, took her automobile at gunpoint and drove the victim to a bank, where he forced her at gunpoint to take money from her ATM machine. The victim also testified that petitioner took a $ 1,000.00 bank deposit, a cell phone, and her identification at gunpoint. When viewed in a light most favorable to

the prosecution, the victim's testimony clearly established the elements of the crimes of armed robbery, carjacking, and felony-firearm beyond a reasonable doubt.

Petitioner's primary argument is that the trial court judge erred in finding the victim to be more credible than him. A court that reviews a sufficiency of evidence claim does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the finder of fact. *See Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). "[D]etermination of the credibility of a witness is within the sole province of the finder of fact and is not subject to review." *Alder v. Burt*, 240 F. Supp. 2d 651, 661 (E.D. Mich. 2003). Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell*, 280 F. 3d 594, 618 (6th Cir. 2002). An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.*

In the present case, the victim testified that she was robbed at gunpoint by petitioner, while petitioner testified that he did not commit an armed robbery or a carjacking. When evidence in a bench trial "consists largely of contradictory oral evidence, due regard must be accorded the trial court's opportunity to judge the credibility of witnesses." *Bryan v. Government of Virgin Islands*, 150 F. Supp. 2d 821, 827 (D. Virgin Islands 2001). In this case, the trial court judge chose to credit the victim's testimony and not to believe petitioner's version of events. This Court must

defer to the trial court's finding beyond a reasonable doubt that the victim was credible. *Id.* at 828.

Finally, in his fourth claim, petitioner contends that the victim's testimony should have been excluded or suppressed, because of the inconsistencies between her statements to the police and her in-court testimony. It is well-settled under federal law that the inconsistencies in a prosecution witness's testimony go not to the admissibility of his or her testimony but to the weight to be given to it by the finder of fact. *See Youngblood v. Conway,* 426 F. Supp. 2d 107, 117 (W.D.N.Y. 2006). Petitioner is not entitled to habeas relief on his first, second, or fourth claims.

**B. Claim # 3. The trial court judge's findings of fact.**

Petitioner next contends that the trial court judge committed misconduct in his findings of fact and conclusions of law, when he commented on petitioner's failure to mention his drug deal with the victim when he was interviewed by the police.

Under Michigan law, a trial court judge in a bench trial is required to make separate findings of fact and conclusions of law, because this facilitates the appellate review process. *Campbell v. Grayson,* 207 F. Supp. 2d 589, 596 (E.D. Mich. 2002)(*citing to People v. Johnson,* 208 Mich. 137, 141; 526 N.W. 2d 617 (1994)). However, there is no Supreme Court precedent which establishes that a trial court judge, sitting as a trier of fact, must make any specific findings as to each element of a crime to satisfy federal constitutional concerns. *See Wofford v. Straub,* 27 Fed. Appx. 517, 520 (6th Cir. 2001). Therefore, to the extent that the trial court made erroneous findings of

fact or conclusions of law, this would be insufficient, in and of itself, to grant habeas relief to petitioner.

To the extent that petitioner claims that the trial court judge's comments amounted to an improper reference to his post-arrest silence, he would not be entitled to relief. It is a violation of the Due Process clause of the Fourteenth Amendment for the prosecution to use a defendant's post-arrest silence to impeach exculpatory testimony given by the defendant at trial. *Doyle v. Ohio*, 426 U.S. 610, 619 (1976); *See also Gravley v. Mills*, 87 F. 3d 779, 786 (6th Cir. 1996).

However, the Supreme Court's holding in *Doyle* does not apply to cross-examination that merely inquires into prior inconsistent statements. Such questioning makes no unfair use of silence because a defendant who voluntarily speaks after receiving *Miranda* warnings has not been induced to remain silent. As to the subject matter of his statements, the defendant has not remained silent at all. *Anderson v. Charles*, 447 U.S. 404, 408 (1980). Although each of two inconsistent statements may be said to involve silence insofar as it omits facts included in the other version, *Doyle* does not require any such formalistic understanding of silence. *Id.* at 447 U.S. at 409.

In the present case, petitioner agreed to speak with the police after being advised of his *Miranda* rights. Petitioner told the police that he had no involvement with the victim. However, at trial, petitioner testified that he knew the victim and had agreed to assist her in purchasing marijuana.

The Supreme Court's holding in *Doyle* is inapplicable to this case because

petitioner made statements to the police after being given his *Miranda* warnings. Petitioner never told the police that he knew the victim and had agreed to help her purchase marijuana. The judge's comments about petitioner's failure to mention this "drug deal" to the police was not an improper reference to petitioner's right to remain silent, but was instead proper under *Anderson v. Charles, supra,* to impeach petitioner's inconsistent testimony. *See Dye v. Hofbauer,* 197 Fed. Appx. 378, 386 (6th Cir. 2006). Accordingly, petitioner is not entitled to habeas relief on his claim.

**IV. Conclusion**

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A district court has the power to deny a certificate of appealability *sua sponte. Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

For the reasons stated in this opinion, the Court will deny petitioner a certificate

of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to any of the claims. The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Allen*, 156 F. Supp. 2d at 798.

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/John Corbett O'Meara
United States District Judge

Date: February 20, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, February 20, 2009, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager